UNITED STATES DISTRCIT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, suing by and on behalf of her minor daughter, MARY DOE | : : : | |
| VS. | : : | CIVIL ACTION NO. |
| MADISON BOARD OF EDUCATION | : | SEPTEMBER 13, 2011 |

## COMPLAINT

1.      This is an action by a female student against a public school system, which is the recipient of federal funds, for knowingly failing and refusing to protect the plaintiff from the continued contact with and harassment by the male students who sexually assaulted her, photographed her and their friends who also taunted and harassed plaintiff after the assault.

2.      Jurisdiction of this court is invoked under the provisions of Sections 1331 1343(3) and 1367(a) of Title 28 of the United States Code and this court's supplementary jurisdiction over the plaintiff's causes of action under state law.

3.      The plaintiff, JANE DOE is the mother and next friend of MARY DOE, who is her daughter.  The true names of the plaintiff and her daughter have been filed with this court under seal, to protect them, because of the nature of the matters herein set forth.

4.      MARY DOE was born in 1996, and is presently fifteen (15) years of age. She resides with her mother in the Town of Madison, Connecticut, and at the time of the

time of the events described herein was a student at Polson Middle School in 8th grade and as a freshman at Daniel Hand High School.

5. The defendant Madison Board of Education operates the public school system for the Town of Madison. Polson Middle School and Daniel Hand High School are a part of that school system. The defendant receives federal funds for the operation of its public school systems.

6. On December 31, 2009, MARY DOE was sexually assaulted at a private residence by five male students who all attended Polson Middle School at the time (the "assailants").

7. A sixth male student at Polson Middle School, took one or more compromising photographs of MARY DOE, (hereinafter, "the photographer") during the assault and showed the photographs to other students at Polson Middle School during school hours.

8. The defendant became aware of the assault on or about January 11, 2010 and was aware of the related harassment by the assailants, the photographer and their friends from that date forward.

9. The defendant allowed the assailants to remain in school for over a month until they were all arrested. The assailants eventually pled guilty for their crimes in the Connecticut Superior Court for Juvenile matters.

10. The defendant allowed the photographer to remain in school with only a one-week suspension and he finished out the year at Polson Middle School.

2

11. The facts described herein were actually known to the defendant at the time of the events described herein.

12. Despite the facts described above, the defendant took no disciplinary action whatsoever against the assailants and allowed them to remain in school, participate in sports and ski bus and other activities until they voluntarily withdrew approximately eight weeks after the assault and after they were arrested.

13. Despite the facts described above, the defendant allowed the photographer to remain in MARY DOE's classes and lunch period during her freshman year at Daniel Hand High School.

14. Despite the facts described above, the defendant allowed one of the assailants to register for Daniel Hand High School the following fall 2010 and attend classes and participate in athletic events for at least three weeks until he voluntarily withdrew in response to repeated demands by JANE DOE.

15. The defendant made no effort whatsoever to protect MARY DOE from contact with the assailants, the photographer and their friends.

16. As a result, MARY DOE was subjected to repeated contact with and harassment by the assailants, the photographer and their friends.

17. Despite actual knowledge of all the above facts, the defendant did nothing to protect MARY DOE from such repeated sexual harassment and intimidation by the assailants, the photographer and their friends.

18.     In the manner described above, the defendant has, on the basis of the plaintiff's sex, excluded her from participation in, denied her the benefits of, and/or subjected her to discrimination under an education program or activity receiving Federal financial assistance in violation of Title IX of the Educational Amendments of 1972, Sections 1681 – 1688 of Title 20 of the United States Code.

19.     As a direct and proximate result of the acts and omissions of the defendant described above, MARY DOE has suffered severe emotional distress and JANE DOE has been compelled to incur substantial expenses for her treatment and for an alternate education program outside the town of Madison.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, attorney fees and costs.

**The plaintiff claims trial by jury.**

THE PLAINTIFF

BY: _____
William S. Wilson, II
Fed. Bar No. ct17616
HALLORAN & SAGE LLP
225 Asylum Street
Hartford, CT 06103
Wilson@halloran-sage.com
(860) 241 4076